## MELSON et al. v. BERRY.

No. 32242. Dec. 3, 1946.

*174 P. 2d 919.*

Grester H. LaMar, of Guymon, for plaintiffs in error.

Rizley & Tryon, of Guymon, and Twyford, Smith & Crowe, of Oklahoma City, for defendant in error.

WELCH, J. This is an action to quiet title to real estate by F. M. Barry against Lula Melson and husband, and against Sherman Kruse and others.

Plaintiff's petition alleged title and possession in himself and deraigned his title to one quarter section of the land by a county deed from the chairman of the board of county commissioners to himself, and to another quarter section of the land by quitclaim deed from a person whose title rested on a resale tax deed from the county treasurer. Plaintiff generally alleged adverse claims by all of the defendants and prayed that his title be quieted.

The defendants Melson had formerly owned one quarter section of the land involved, and the defendants Kruse had formerly owned the other quarter section.

Defendants in effect admitted plaintiff's possession, but contended that plaintiff entered into possession as tenant and was under obligation to pay taxes on the land and had acquired tax title in violation of such obligation and in violation of fiduciary relations existing between plaintiff and defendants.

On appeal, defendants contend the judgment for plaintiff is clearly against the weight of the evidence and contrary to law.

The trial court made a finding that the premises involved in this action were not under lease to the plaintiff at the time tax deeds were issued by the county to said tracts of land and the possession of plaintiff to said tracts had been surrendered prior to the issuance of said deeds. We think this finding is supported by the evidence and not against the clear weight of the evidence.

The record discloses that plaintiff went into possession of the lands involved as a tenant more than ten years before the tax resales and so occupied the lands for several years, but some years before such sales, such occupancy ceased and was completely terminated and thereafter the relation of landlord and tenant did not exist.

The sufficiency of the tax deeds to convey title is not questioned. The contention of defendants that the judgment is contrary to law is based on the proposition that plaintiff procured the tax deeds in violation of the fiduciary relationship existing between the defendants as landlord and the plaintiff as tenant. The proposition cannot be sustained under the facts herein, and the decisions cited in support of the contention merit no discussion. The judgment of the trial court is based upon a finding of fact, that the relationship of landlord and tenant did not exist at the time of the tax sales, and said finding is not against the clear weight of the evidence. The judgment should not be disturbed.

Affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, and DAVISON, JJ., concur.